**Gloria LEE, Plaintiff–Appellant**

v.

**REGIONAL NUTRITION ASSISTANCE, INCORPORATED; Brian Desormeaux, Defendants–Appellees.**

No. 11–31084
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 1, 2012.

Kenneth Craig Smith, Jr., Attorney, Smith & John, Shreveport, LA, for Plaintiff–Appellant.

Chris P. Villemarette, Trial Attorney, Lafayette, LA, for Defendants–Appellees.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM: *

Gloria Lee appeals the district court's grant of summary judgment in favor of Regional Nutrition Assistance and its director, Brian Desormeaux, on her claim of race discrimination creating a hostile work environment. We AFFIRM.

Lee brought suit against her former employer claiming violations of state and federal law. Regional Nutrition Assistance and Desormeaux filed a motion for summary judgment. Lee did not file a response. The district court granted the motion for summary judgment as to all of

---

Lee's claims. Lee appeals only on the claim that race discrimination created a hostile work environment.

We review a district court's grant of summary judgment *de novo.* *Vaughn v. Woodforest Bank,* 665 F.3d 632, 635 (5th Cir.2011). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Kee v. City of Rowlett, Tex.,* 247 F.3d 206, 210 (5th Cir. 2001) (quotation marks and citation omitted).

To establish a claim based on race discrimination creating a hostile work environment, a plaintiff must prove: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002).

Lee alleges that three separate incidents created a hostile work environment. First, Lee asserts a coworker used a racial epithet to refer to her in a conversation with another coworker. Second, Lee alleges the same coworker said Lee was too dark to be seen without the benefit of sunlight. This statement was made in the presence of Desormeaux, Lee's supervisor. Finally, Lee alleges one employee drew a tombstone on a chalkboard with the abbreviations "R.I.P." and Lee's initials, "G.L." Lee argues the district court erred in finding that this conduct did not affect a term, condition, or privilege of employment.

The parties do not dispute that Lee belongs to a protected group. The district court presumed that the conduct constituted unwelcome harassment. We will do the same. To prove her claim, Lee must demonstrate that the harassment was based on race and affected a term, condition, or privilege of employment.

"A workplace environment is hostile when it is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Alaniz v. Zamora–Quezada,* 591 F.3d 761, 771 (5th Cir.2009). To be sufficiently severe or pervasive to alter the conditions of employment, the conduct must be both objectively and subjectively offensive. *E.E.O.C. v. WC&M Enters., Inc.,* 496 F.3d 393, 399 (5th Cir.2007). We consider the totality of the circumstances to determine whether conduct is objectively offensive. *Dediol v. Best Chevrolet, Inc.,* 655 F.3d 435, 441 (5th Cir.2011). This includes "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *Id.* (quotation marks and citation omitted). "[S]imple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges that can survive summary judgment." *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 348 (5th Cir.2007) (quotation marks and citation omitted).

Drawing all inferences in Lee's favor, the conduct complained of does not rise to the level of severity to state a claim based on a hostile work environment. *See id.* The racial epithet and comment by Lee's coworker were isolated incidents in Lee's employment with Regional Nutrition Assistance. Although Lee alleges the draw-

ing of the tombstone was physically threatening, Lee provides no indication the drawing was related to her race nor does she allege the coworker who made the comment also drew the tombstone. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir.2012) (noting that incidents of harassment not based on race were not considered where there was no evidence the conduct was a part of a pattern of race-based harassment). The district court did not err in determining Lee failed to demonstrate that the harassment complained of was sufficiently severe or pervasive to alter a term, condition, or privilege of employment.

We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.